**LOCAL UNION NO. 490, UNITED RUBBER, CORK, LINOLEUM & PLASTIC WORKERS OF AMERICA, AFL–CIO, and the United Rubber, Cork, Linoleum & Plastic Workers of America International Union, AFL–CIO, Appellants,**

v.

**KIRKHILL RUBBER COMPANY, a California Corporation, Appellee.**

No. 20453.

United States Court of Appeals Ninth Circuit.

Sept. 26, 1966.

Supplementary Order.
Nov. 21, 1966.

Abe F. Levy, Levy, DeRoy, Geffner & Van Bourg, Los Angeles, Cal., for appellants.

R. D. Sweeney, J. E. Simpson, Los Angeles, Cal., for appellee.

Before JERTBERG and ELY, Circuit Judges, and SMITH, District Judge.

ELY, Circuit Judge:

This appeal follows a controversy as to the arbitrability of a grievance of one of the appellee's employees. The employee, one Henning, worked two hours and fifteen minutes on Sunday, October 18, 1964. Applying its interpretation of article IV, section 5, of a collective-bargaining agreement,[1] the employer paid Henning at twice his straight-time rate, $2.-64 per hour, or $5.28 per hour, for a total of $11.88 for the two hours and fifteen minutes of work. After receiving the payment the employee complained to the union representative. His contention, with which the representative agreed, was that the compensation should have been double the straight-time rate for a total of four hours. The contention was based upon a reading of the agreement's article IV, section 5, cited, supra, footnote 1, together with section 4 of article III.[2]

A grievance was filed. The employer rejected the grievance and refused to submit to arbitration. On April 6, 1965, the union petitioned the District Court for an order directing arbitration, invoking section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. On April 7, 1965, the union moved for summary judgment. The defendant employer moved to dismiss the union's petition. The District Court denied the union's motion and granted the employer's motion, treating the latter as a motion for summary judgment. Fed.R.Civ.P. 12 (b). The union appeals from both rulings.

The union's contention that the District Court erred in failing to grant its motion for summary judgment cannot be sustained. Its procedure was fatally defective. The motion, made less than twenty days after the commencement of the action, was premature. Fed.R.Civ.P. 56(a). The supporting affidavits were made by an attorney and presented facts not within his personal knowledge. Fed. R.Civ.P. 56(e); Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). Finally, the affidavit was verified by the affiant "under the penalties of perjury" and not sworn to before an authorized officer. Under Rule 56(e), this was inadequate. Hoston v. J. R. Watkins Co., 300 F.2d 869 (9th Cir. 1962).

We now turn to the question of the granting of the employer's motion for dismissal. The employer urged to the District Court that the union had not followed the proper procedures in filing the grievance and thus was not entitled to arbitration. The court below did not base its decision on that ground, and its refusal to do so was proper. The law is clear that procedural questions which attend a dispute and which bear on its final disposition should be first determined by the arbitrator. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

The main issue here is whether the parties are required to submit the subject matter of the dispute to arbitration. "[W]hether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties." Atkinson v. Sinclair Refining Co., 370 U. S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962).

Although the agreement contains a broad arbitration provision, the employer

---

1. "5. All work performed on Sunday prior to the commencement of an employee's regular work week shall be compensated for at the rate of double time (two times)."

2. "4. When an employee is called in at a time other than his regular shift, he shall be paid a minimum of four (4) hours' pay at said employee's regular straight-time hourly rate of pay."

defends its refusal to arbitrate on article VII of the agreement, which provides,

> "Rates of pay shall not be subject to arbitration except that
>
>> (a) In connection with the establishment of a new job classification not set forth in Schedule 'A' attached hereto, the rate of pay for such new classification shall be subject to grievance procedure including arbitration, together with other matters pertaining to the new classifications which are in dispute."

 This dispute clearly does not involve "rates of pay" with regard to a "new job classification." The question is whether it involves rates of pay at all. To accept the employer's position that a dispute as to the interpretation of sections 4 and 5 of the agreement's articles III and IV respectively involves a dispute as to "rates of pay," we would be required to hold that the hours for which a man is paid are "rates of pay." It is true that the amount of an employee's pay is measured by the number of hours that he works, but it does not follow that a dispute as to the number of hours to which one's rate of pay is to be applied is a dispute as to "rates of pay." Here, because of the artificiality of the four-hour provision, confusion is understandable. We conclude, however, that the grievance did not arise from a dispute as to "rates of pay" but from a dispute as to the amount of time to which the "rates of pay" should be applied.[3]

The appellee presents a strong argument that the two provisions of the contract cannot properly be read together so as to support the employee's contention. From this premise, it urges that since the arbitrator would have no choice except to so conclude, we should affirm. Assuming the validity of appellee's interpretation of the contract on the point of the grievance, we are not persuaded that we should permit circumvention of the broad terms of the agreement's provision for arbitration.

Reversed and remanded.

### SUPPLEMENTARY ORDER

Appellee suggests that the court committed oversight in not expressly affirming the order of the District Court in which appellants' motion for summary judgment was denied. We disagree. In making gratuitous comments concerning procedural deficiencies in appellants' presentation of the motion for summary judgment, we permitted the inference that the order denying the motion was an appealable order. It is not. Switzerland Cheese Ass'n v. E. Horne's Mkt., Inc., 87 S.Ct. 193 (Nov. 7, 1966).

---

3. Schedule A of the agreement specifies "hourly rates of pay" of jobs in various classifications in dollars and cents. This tends to support our interpretation that the provision, "Rates of pay shall not be subject to arbitration * * *," was directed to amounts of money and not to amounts of time.